UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
INTERNATIONAL MEDICAL : 
EDUCATION GROUP, LLC, :
 : Case No. 1:19-cc-02694
      Plaintiff, :
 :
vs. : OPINION & ORDER
 : [Resolving Doc. 3]
LUCAS EVAN FURST, :
 :
      Defendant. :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

A State court granted Plaintiff judgment after a cognovit note confession. Defendant removed the case to federal court. Plaintiff filed a motion to remand the case back to State court.

For the reasons stated below, the Court **DENIES** Plaintiff's motion.

## I.    Background

On October 18, 2019, Plaintiff International Medical Education Group, LLC ("IMEG") sued Defendant Lucas Furst in the Cuyahoga County Court of Common Pleas (the "State court") to collect on a debt.[1] On the same day, the State court recognized a promissory note Defendant had signed and granted judgment for Plaintiff by confession.[2]

On November 15, 2019, Defendant Furst removed the case to this Court.[3] On November 27, 2019, Plaintiff IMEG filed a motion to remand to the State court.[4] Plaintiff opposes.[5]

---

[1] Doc. 1-1.
[2] *Id.*
[3] Doc. 1-6.
[4] Doc. 3.
[5] Doc. 9. Defendant replied to Plaintiff's opposition, Doc. 10, and Plaintiff filed a sur-reply. Doc. 11-1.

## II. Discussion

28 U.S.C. § 1441(a) allows a defendant to remove any pending civil action brought in a state court to a district court of the United States which would have original jurisdiction had the claim been brought in federal court. Plaintiff IMEG contends that removal was improper because the civil action was not pending at the time of removal.[6]

The Sixth Circuit has held that "[w]hen all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized."[7] Plaintiff's action was not yet at this stage; it was still subject to a timely filed motion to vacate or appeal.[8]

The Sixth Circuit analyzed a similar situation in *Munsey v. Testworth Laboratories*.[9] There the State court awarded plaintiff default judgment. Defendant timely removed the case to federal court. Plaintiff argued "that the federal court was without power to proceed, since a judgment had been entered in the state court prior to removal."[10] The Sixth Circuit held: "Prior to removal the state court judgment was concededly subject to being set aside in the state court. It was subject to the same hazard in the federal court after removal."[11]

---

[6] Doc. 10. The parties initially disputed whether the action was supplemental due to Defendant Furst's filing an Ohio Civil Rule 60(B) motion to vacate judgment in the State court. Docs. 3, 9. Furst has conceded that he filed the notice of removal before his motion to vacate. Doc. 11-1. Upon removal, district courts "take [] up the case where the State court left it off." *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005) (alteration in original) (citing *Duncan v. Gegan*, 101 U.S. 810, 812 (1879)). Furst's motion to vacate is not part of this Court's record. *Cf. Pennsylvania Nat. Bank & Tr. Co. v. Am. Home Assur. Co.*, 87 F.R.D. 152, 154 (E.D. Pa. 1980).

[7] *Ohio v. Doe*, 433 F.3d 502, 507 (6th Cir. 2006).

[8] Ohio Civil Rule 60(B) requires a party to file a motion for relief "within a reasonable time, and for [enumerated] reasons not more than one year after the judgment." And Ohio Appellate Rule 4(A) requires a party to file a notice of appeal within 30 days of judgment. The State court issued judgment on October 18, 2019, and Furst removed the case on November 15, 2019, well within the time to file a motion for relief or notice of appeal.

[9] 227 F.2d 902 (6th Cir. 1955).

[10] *Id*. at 903.

[11] *Id*. *See also Nieto v. Univ. of N.M.*, 727 F. Supp.2d 1176, 1192 (D.N.M. 2010) ("[S]o long as there is time to insist on reconsideration or appellate review, a case continues to be an action brought to redress a private right; it continues to be litigation."); *Fifth Third Bank v. MacLaren*, No. 3:08cv2819, 2009 WL 10714901 at *2 (N.D. Ohio July 28, 2009) ("Defendants could have brought a motion in the state court to set aside [the cognovit] judgment under Ohio R. Civ. P. 60(B). The status of the judgment remains the same whether the challenge occurs there or here, as does the law which will determine that status.").

Case No. 1:19-cv-02694
Gwin, J.

So too here. Plaintiff IMEG's action was still pending at the time of the removal, and 28 U.S.C. § 1441(a) permits Defendant Furst to remove the action to this Court. Thus, the Court denies Plaintiff's motion to remand.

## ORDER

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

IT IS SO ORDERED.

Dated: January 22, 2020          *s/ James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE