UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | | |
|---|---|---|
| INTERNATIONAL MEDICAL, | : | |
| EDUCATION GROUP, LLC | : | Case No. 1:19-cv-2694 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 12] |
| LUCAS EVAN FURST, | : | |
| Defendant. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Lucas Furst signed an agreement acknowledging a debt he owed to Plaintiff International Medical Education Group (International Medical).[1] Furst also signed a promissory note with a confession of judgment that would allow International Medical to summarily collect on his debt in any court.[2] International Medical sued Furst to collect on the debt and an Ohio court granted judgment by confession for International Medical.[3]

After a removal to this Court,[4] Defendant Furst moves to vacate the Ohio court's judgment by confession.[5]

For the reasons stated below, the Court **GRANTS** Furst's motion to vacate.

I. Background

---

[1] Doc. 12 at 7-8.
[2] *Id.*
[3] Doc. 1-1.
[4] Doc 1; Doc. 15 (Order Denying Motion to Remand).
[5] Doc. 12.

Case No. 1:19-cv-2694
Gwin, J.

In July 2013, John Nekic and Defendant Lucas Furst partnered to coordinate medical training opportunities for international students.[6] They created Medical Training Group, LLC (Medical Training), naming both Nekic and Furst as managing members.[7]

In January 2019, Nekic accused Furst of embezzling Medical Training funds for Furst's personal use.[8] On February 19, 2019, Furst met Nekic in Cleveland, Ohio.[9] There, Furst signed an agreement stating that he had no ownership in Medical Training.[10] In the agreement, Furst also admitted that he fraudulently transferred $705,735 to companies under Furst's control and that Furst used Medical Training's credit card for $101,909.91 in personal expenses.[11]

Furst also signed a promissory note stating that he would pay $807,644.91 to Plaintiff International Medical.[12] The promissory note stated:

> This note evidences an indebtedness of [$807,644.91], being the balance due for amounts fraudulently transferred by Debtor [Furst] from Medical Training Group, LLC. [International Medical] has agreed to not file suit against Debtor [Furst] in exchange for this note. The undersigned acknowledges the adequacy and sufficiency of the consideration supporting this note.[13]

Apparently after Furst defaulted on repaying the embezzled funds, and on October 18, 2019, International Medical sued Furst in an Ohio court to enforce the promissory note.[14] On the same day, the Ohio court entered a cognovit judgment.[15]

---

[6] *Id.* at 5.
[7] *Id.*
[8] *Id.* at 6.
[9] *Id.* at 7.
[10] *Id.* at 7-8.
[11] *Id.*
[12] *Id.* at 8.
[13] Doc. 1-1, PageID 8.
[14] *Id.* at PageID 6.
[15] *Id.* Under Ohio's cognovit provisions, a debtor can empower his creditor to create an instrument that the creditor can thereafter produce in the event of default and obtain judgment against the debtor without hearing or notice. Ohio Rev. Code § 2323.13.

Case No. 1:19-cv-2694
Gwin, J.

On November 15, 2019, Defendant Furst removed the case to this Court.[16] On January 16, 2020, Furst moved to vacate the cognovit judgment.[17] Plaintiff International Medical opposes.[18]

## II. Discussion

Defendant Furst moves to vacate the cognovit judgment under Federal Rule of Civil Procedure 60(b)(6).[19] This rule permits a court to "relieve a party . . . from a final judgment" for "any other reason that justifies relief." The Sixth Circuit has cautioned that "Rule 60(b)(6) provides relief 'only in exceptional and extraordinary circumstances,' which are defined as those 'unusual and extreme situations where principles of equity mandate relief.'"[20]

Ohio law provides the standard for vacating a cognovit judgment.[21] To vacate such a motion under Ohio Civil Rule 60(b), "a movant must establish (1) a meritorious defense or claim to present, in the event that relief from judgment is granted, (2) entitlement to relief under one of the provisions in [Civil Rule] 60(B)(1) through (5), and (3) compliance with the rule's time requirements."[22]

When a party seeks to vacate a cognovit judgment, though, the movant need only "assert that the motion was timely and that there is a meritorious defense."[23] The movant

---

[16] Doc. 1.
[17] Doc. 12.
[18] Doc. 24. Defendant Furst replied. Doc. 26.
[19] Doc. 12 at 1.
[20] *Exp.-Imp. Bank of U.S. v. Advanced Polymer Scis., Inc.*, 604 F.3d 242, 247 (6th Cir. 2010) (quoting *Jinks v. AlliedSignal*, Inc., 250 F.3d 381, 387 (6th Cir.2001)).
[21] *See Exp.-Imp. Bank*, 604 F.3d at 248-49 (applying Ohio law); *Huntington Nat. Bank v. Wallace*, 2009 WL 2823891 at *4 (N.D. Ohio Aug. 19, 2009) (citing *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1297 (11th Cir. 1999)).
[22] *Bank of Am., N.A. v. Kuchta*, 21 N.E.3d 1040, 1044 (Ohio 2014) (citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 351 N.E.2d 113 (1976)).
[23] *Trustar Funding, L.L.C. v. Harper*, 2018 WL 776601, at *2 (Ohio Ct. App. February 8, 2018) (citing *Medina Supply Co., Inc. v. Corrado*, 689 N.E.2d 600, 603 (Ohio Ct. App. 1996)).

-3-

Case No. 1:19-cv-2694
Gwin, J.

must "allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists."[24]

The parties do not dispute that Defendant Furst moved for relief within a reasonable time. Furst moved for relief less than a month after the state court entered the cognovit judgment.[25]

Thus, the Court considers only whether Furst has a meritorious defense.

Furst claims he is entitled to relief under Ohio Rule 60(B)(5) based on a duress defense.[26] He says Nekic's threat of criminal prosecution placed Furst in duress when he signed the agreement and promissory note.[27]

"Duress may be a defense to a contractual obligation where the party seeking to avoid the contract was subjected to improper threats that deprived that person of any reasonable alternative but to assent to the terms of the person making the threat."[28]

Ohio courts have acknowledged that the threat of criminal prosecution may support a duress defense.[29] The Ohio Supreme Court has held that "[a] contract, the consideration of which, in whole or in part, is the suppression of a criminal prosecution, is without any

---

[24] *K One Ltd. P'ship v. Kahn*, 2014 WL 2048202, at *3 (Ohio Ct. App. May 15, 2014) (internal quotation marks omitted).
[25] The state court entered judgment on October 18, 2019, Doc. 1-1, and Defendant Furst moved to vacate the judgment on November 15, 2019. Doc. 1-4.
[26] Doc. 12 at 16-17.
[27] *Id.*
[28] *Morana v. Foley*, 54 N.E.3d 749, 753 (Ohio Ct. App. 2015) (citing *Blodgett v. Blodgett*, 551 N.E.2d 1249 (Ohio 1990)).
[29] *See Morana*, 54 N.E.3d at 754 (citing *Springfield Fire & Marine Ins. Co. v. Hull*, 37 N.E.1116 (Ohio 1894)).

-4-

Case No. 1:19-cv-2694
Gwin, J.

legal efficacy, either as a cause of action or as a defense to an action not founded on or arising out of the agreement."[30]

The Ohio Circuit Court considered the duress defense in *Maxwell-Rolf Stone Co. v. Whigham*.[31] There, the plaintiff believed that defendant's son had embezzled money from plaintiff's company.[32] Defendant signed a promissory note agreeing to guarantee repayment of the money.[33] Plaintiff sued defendant to collect the money.[34] At trial, defendant claimed that plaintiff had threatened to criminally prosecute defendant's son. The Ohio Circuit Court affirmed a verdict for defendant based on this duress defense, stating "[i]f threats made by officers of the plaintiff to prosecute the son of the defendant operated to deprive him of his free will power, and, as a result, he signed the agreement, he is not bound thereby, regardless of whether there was a promise to forbear prosecution."[35]

The Restatement (Second) of Contracts, 2d, similarly provides: "(1) A threat is improper if . . . (b) what is threatened is a criminal prosecution."[36]

Defendant Furst claims a similar defense here. He alleges that "Nekic stated that he would have Furst criminally prosecuted in Ohio for embezzlement[] if Furst did not sign the papers, and [Nekic's attorney] repeated and confirmed the threat."[37]

---

[30] *Hull*, 37 N.E. at 1116; *see also Brown v. Best Products, Inc.*, 479 N.E.2d 852, 855 (Ohio 1985) (explaining that such contracts are void because "duress is inherent in the execution of such releases" and because "[t]he decision to pursue or drop criminal charges is vested in the state").
[31] 34 Ohio Cir. Dec. 360 (1912).
[32] *Id.* at 361.
[33] *Id.*
[34] *Id.*
[35] *Id.* at 361-62.
[36] Restatement (Second) of Contracts § 176 (1981).
[37] Doc. 12 at 7.

-5-

Case No. 1:19-cv-2694
Gwin, J.

Defendant Furst presents a meritorious defense.[38] Although the parties may dispute whether Nekic and his attorney made these statements, Furst has alleged facts that entitle him to relief under Ohio Rule 60(b) and Federal Rule 60(b).

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to vacate.

IT IS SO ORDERED.

Dated: September 3, 2020  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[38] Defendant Furst also claims that Nekic's threat of criminal prosecution was unconscionable and was illegal coercion. Doc. 12 at 17-19 (citing Ohio Rev. Code 2905.12(A)(5)). Furst further claims Nekic and his attorney misrepresented the promissory note's validity to the state court, committing fraud. *Id.* at 14. The Court finds that Furst has alleged a duress defense sufficient to vacate the cognovit judgment and does not address these alternative arguments.

-6-